IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN MERRIT,
(a/k/a EDWARD URBANSKI),

Petitioner,

v.

JANE STANDIFORD,
et al.,

Respondents.                                              No. 08-0707-DRH

## ORDER

**HERNDON, Chief Judge:**

On October 6, 2008, petitioner Kevin Merritt, a/k/a Edward Urbanski, filed this habeas corpus actions pursuant to 28 U.S.C. § 2254 to challenge the validity of a detainer lodge against him by the State of Illinois (Doc. 1). Specifically, Merritt's petition claims that an outstanding St. Clair County, Illinois petition to revoke probation and bench warrant are preventing him from participating in certain prison programs in Oklahoma and affecting his eligibility for detention in a lower security facility. Currently, Merritt is incarcerated at the John Lilley Correctional Center in Boley, Oklahoma.[1]

Now before the Court is the Attorney General of Illinois' June 17, 2009 motion to dismiss habeas corpus petition as moot (Doc. 18). Respondent argues

---

[1] He was convicted in Oklahoma for various crimes including attempted burglary in the second degree and attempted larceny of an automobile.

that Merritt's petition is moot because Merritt has received the relief he was seeking in that on May 18, 2009, the St. Clair County petition to revoke probation was dismissed and the outstanding bench warrant was quashed. As of this date, Merritt has not responded to the motion to dismiss. Pursuant to **Local Rule 7.1(c)**, the Court considers this failure an admission of the merits of the motion.[2] Further, the Court agrees with the Illinois Attorney General that this matter is moot. Here, Merritt no longer has an injury for which this Court can grant relief because the St. Clair County probation revocation petition has been dismissed and Merritt has received the relief sought.

Accordingly, the Court **GRANTS** the Illinois Attorney General's motion to dismiss habeas corpus petition as moot (Doc. 18). The Court **DENIES as moot** and **DISMISSES with prejudice** Merritt's habeas corpus petition pursuant to 28 U.S.C. § 2254. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 27th day of July, 2009.

/s/      *DavidRHerndon*
**Chief Judge**
**United States District Court**

---

[2]**LOCAL RULE 7.1(c)** provides in part: "An adverse party shall have **thirty (30) days** after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief. Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion."